**Eldon Ray ROCHESTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 281–83.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 16, 1983.

their query was affirmative.

William Earl Stallings, on appeal only, Waco, for appellant.

Vic Feazell, Dist. Atty., Dennis G. Green, Robert Pandak and William W. Johnston, Asst. Dist. Attys., Waco, Robert Huttash, State's Atty., Austin, for the State.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of aggravated robbery. Punishment was assessed at eight years. The Court of Appeals affirmed the conviction. We granted appellant's petition for review to consider his contention that the trial court committed reversible error by allowing the State to ask a defense witness "have you heard" questions about prior arrests of appellant.

Appellant's son was called as a witness for the defense. He testified that appellant's reputation in the community for truth and veracity was good. On cross-examination the State was permitted to ask "have you heard" questions over appellant's objection that the matters inquired about were not inconsistent with the particular character trait testified to, i.e., truth and veracity. Such inconsistency is required before a "have you heard" question may be asked. *Livingston v. State*, 589 S.W.2d 395, 402 (Tex.Cr.App.1975).

The questions asked were:

"Q. All right. Have you heard that in 1955 your father was arrested in Waco for swindle over $50.00?

"A. No, I haven't.

"Q. Have you heard that your father was arrested in Harlingen, Texas in 1961 for a theft by false pretext?

"A. No, I haven't.

"Q. Have you heard that in 1963 your father was arrested in Las Cruces, New Mexico for obtaining money under false pretense?

"A. No. No, I haven't.

"Q. Have you heard that in 1963 your father was arrested in Midland for swindling?

"A. No.

"Q. Have you heard that in 1966 your father was arrested in Bellevue, Washington for petty larceny by fraud?

"A. No."

We agree with the Court of Appeals that each of these matters was directly related to appellant's truth and veracity and was not subject to the objection of lack of inconsistency with that specific character trait.

The judgment of the Court of Appeals is affirmed.

CLINTON, J., dissents.